**FILED**
**Apr 08, 2021**
**02:40 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **DANA LEE,** | ) | **Docket No.: 2020-05-1027** |
| **Employee,** | ) | |
| **v.** | ) | |
| **JOURNEYPURE HOLDINGS, INC.,** | ) | **State File No.: 56826-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **ACCIDENT FUND GEN. INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

### EXPEDITED HEARING ORDER GRANTING BENEFITS

---

Ms. Lee's request for medical and temporary disability benefits came before the Court on March 30, 2021, for an Expedited Hearing. The central legal issue is whether Ms. Lee is likely to show at a hearing on the merits that her presence at the scene of a violent assault meets the requirement of an injury arising primarily out of and in the course and scope of her employment. For the reasons below, the Court cannot find she is likely to prove this but holds Ms. Lee is entitled to a panel of physicians.

### History of Claim

Ms. Lee worked as a licensed practical nurse for JourneyPure, a medical detox center. As she checked in medicine from the pharmacy on July 31, 2020, a patient became belligerent and assaulted another nurse in a nearby treatment room. Ms. Lee did not witness the incident but heard raised voices and other loud noises. She called for assistance from people working in a different area and then dialed 9-1-1.

While she stayed on the phone with 9-1-1, Ms. Lee could hear her colleagues loudly trying to subdue the patient, as the altercation moved to a different part of the unit. She could see the nurse sitting on the floor crying and holding a cloth to her bloody face.[1] Ms. Lee locked herself in a treatment room because she feared she might be assaulted.

---

[1] JourneyPure introduced testimony that questioned whether Ms. Lee actually saw the blood on her coworker's face. The Court finds this minor discrepancy does not affect Ms. Lee's credibility or diminish the significance of the event.

1

Ms. Lee was upset after the incident and told her supervisor she needed to go home. She pulled her car over and stopped a few times on the way home because she was so shaken.

Before the incident, Ms. Lee had seen a psychologist, Dr. Deborah Driggs, for treatment of mild anxiety. She testified that she returned to Dr. Driggs after the work incident because she began suffering from severe anxiety, sleep disturbance, and fearfulness. Ms. Lee was so affected that she was unable to return to work for several months after the incident.

Ms. Lee also asked her employer for help and began an application for short-term disability. Ms. Lee didn't file the disability application because she felt her condition was work-related and should be filed as a workers' compensation claim. JourneyPure filed a C-23 form denying Ms. Lee's workers' compensation claim.

Ms. Lee testified that she continues to suffer from severe anxiety that has affected her relationships and quality of life. She seeks a panel of physicians and temporary disability benefits.

JourneyPure contended that Ms. Lee is not entitled to benefits because the workplace incident does not meet the definition of a compensable mental injury. Even if it did, JourneyPure maintained that Ms. Lee failed to prove medical causation.

**Findings of Fact and Conclusions of Law**

Ms. Lee must provide sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Mental Injury*

A mental injury is defined as "a loss of mental faculties or a mental or behavioral disorder." Tenn. Code Ann. § 50-6-102(17). To be compensable, a mental injury must arise "primarily out of a compensable physical injury or an identifiable work-related event resulting in a sudden or unusual mental stimulus." *Id.* Ms. Lee did not sustain a physical injury, so the Court must determine whether she is likely to prove the July 31 event meets the second set of criteria.

Case law focusing on this second category makes clear that (1) the injury must stem from an identifiable stressful, work-related event producing a sudden mental stimulus, and (2) the event must be unusual compared to the ordinary stress of the worker's job. *Edwards*

2

*v. Fred's Pharmacy*, 2018 TN Wrk. Comp. App. Bd. LEXIS 9, at 7 (Feb. 14, 2018).

Regarding the first requirement, the Court finds Ms. Lee presented sufficient proof to establish an identifiable stressful, work-related event producing a sudden mental stimulus. She testified that a patient violently assaulted her coworker in a treatment room on the same ward where she was working. It took some time for several people to subdue the patient, and the incident was serious enough that Ms. Lee felt it necessary to call 9-1-1. These basic facts are uncontroverted. Also undisputed is Ms. Lee's testimony that she was startled, frightened, and shocked by the event. Her tearful recounting of the incident was both credible and convincing.

The next question, then, is whether the incident was unusual compared to the ordinary stress of Ms. Lee's job. JourneyPure argued that the incident did not rise to the level of "extraordinary and unusual in comparison to the stress ordinarily experienced by an employee in the same type of duty." JourneyPure suggested that events like this are common enough in detox centers that this incident cannot meet the "sudden or unusual mental stimulus" requirement.

However, JourneyPure submitted no evidence on this issue. Thus, the only proof before the Court regarding whether this melee was a normal part of an LPN's experience in a detox center is Ms. Lee's testimony that she had never experienced and did not expect incidents of this nature in her work. Based on this unrefuted testimony, the Court must conclude that this was an unusual event for this type of workplace and Ms. Lee is likely to prove a compensable incident at trial.

*Causation*

Having found a likelihood of proving compensability, the Court turns to medical causation. Ms. Lee must show, "to a reasonable degree of medical certainty that [her alleged work injury] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D).

The Court cannot find at this time that Ms. Lee is likely to meet this burden, as she did not offer any medical opinions addressing causation. Without a medical opinion on this issue, the Court cannot find at this time that she is likely to prove "to a reasonable degree of medical certainty" that her work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."

Ms. Lee argued that medical proof is unnecessary in this case because she suffered an obvious injury. *See Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008)

3

(medical evidence is not required to establish a causal relationship, "in the most obvious, simple and routine cases"). The Court disagrees. Unlike a broken bone, determining the cause of a psychiatric or psychological condition is not a simple and routine process. Further, judges are not well-suited to make independent medical determinations without expert medical testimony supporting such a determination. *Lurz v. Int'l Paper Co.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *16-18 (Feb. 14, 2018).

The lack of a causation opinion, however, does not end the inquiry. Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) requires that, "in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician." Further, at an expedited hearing, if an employee presents sufficient evidence that a work event resulted in injury, this may support an order compelling an employer to provide a panel. *See Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016). Thus, the question is whether Ms. Lee provided sufficient evidence to satisfy her burden at this interlocutory stage that she is entitled to a panel of physicians.

As noted above, Ms. Lee has shown that she experienced an identifiable stressful, work-related event producing a sudden mental stimulus, and that the incident was unusual when compared to the ordinary stress of her job. Therefore, the Court holds she provided sufficient evidence to satisfy her burden at this interlocutory stage that she is entitled to a panel of physicians. Journey Pure shall provide a panel from which Ms. Lee may choose an authorized physician for evaluation and, if appropriate, treatment of her alleged injuries under Tennessee Code Annotated section 50-6-204(a)(1)(A).

*Temporary Disability Benefits*

Ms. Lee also seeks temporary disability benefits. An injured worker is eligible for temporary total disability benefits if: (1) she became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) she established the duration of the disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). As noted above, Ms. Lee cannot at this time prove a causal connection between her work and her injury because she lacks a medical opinion. Therefore, the Court cannot find at this time that she is likely to prevail on a claim for temporary disability benefits at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. JourneyPure shall provide Ms. Lee with a panel of physicians and medical treatment made reasonably necessary by her July 31, 2020 injury.

2. Ms. Lee's request for temporary disability benefits is denied at this time.

3. This case is set for a Status Hearing on June 23, 2021, at 9:00 a.m. The parties must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without the parties' participation. All conferences are set using Central Time.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED April 8, 2021.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Dana Lee's affidavit
2. First Report of Injury
3. Wage Statement
4. C-23 Notice of Denial
5. Letters from Deborah Driggs, PhD. (Identification Only)
6. Dr. Driggs's curriculum vitae
7. Dr. Drigg's treatment file (Identification Only)

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. JourneyPure's Exhibit List
5. JouneyPure's Witness List

6. JourneyPure's Expedited Hearing Brief
7. Ms. Lee's Witness List
8. Ms. Lee's Exhibit List
9. Ms. Lee's Expedited Hearing Brief

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on April 8, 2021.

| Name | Certified Mail | Via Email | Service sent to: |
|---|---|---|---|
| Benjamin Newman, Employee's attorney | | X | bnewman@galligannewmanlaw.com |
| Gordon Aulgur, Employee's attorney | | X | Gordon.aulgur@accidentfund.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

6



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*